PER CURIAM.
The attached 1963 revision of the rules of the Supreme Court of Florida relating to admissions to the Bar and of the rules and regulations of the Florida Board of Bar Examiners, drafted by a committee of this Court appointed by the Chief Justice and a committee of the Florida Board of Bar Examiners, is hereby approved and adopted, the same to become effective as of midnight August 31, 1963, and from said date this revision shall supersede all conflicting rules of the Supreme Court and rules and regulations of the Florida Board of Bar Examiners.
The attached rules and regulations are filed in the office of the Clerk of this Court, and the Florida Board of Bar Examiners is hereby authorized to adopt and promulgate from time to time additional rules and regulations or amendments to the rules and regulations hereby adopted and approved but such additional rules and regulations or amendments shall become effective only upon the submission to and the approval by this Court.
DREW, C. J., TERRELL, THOMAS, ROBERTS, THORNAL, O’CONNELL, and CALDWELL, JJ., concur.
REVISED 1963 RULES of the SUPREME COURT of FLORIDA Relating to Admission to the Bar
Effective September 1, 1963
ARTICLE I
FLORIDA BOARD OF BAR EXAMINERS
Section 1. The admission of attorneys to the practice of the profession of law is a judicial function. All individuals who seek the privilege of practicing law in the State of Florida shall submit to the bar examination. The Court promulgates the rules hereinafter set forth and adopts and approves the Code of Recommended Standards of Bar Examiners, adopted by the American Bar Association on May 21, 1958, promulgated and approved by the National Conference of Bar Examiners and the Association of American Law Schools, except where such standards are inconsistent with the Rules of this Court or the Rules of the Board hereinafter established.
Section 2. There is hereby created a Florida Board of Bar Examiners consisting of ten members of The Florida *373 Bar. The members now constituting- said Board shall continue to hold office for the terms now appointed. Their successors shall continue to be selected and appointed in the manner now prescribed in Article I of the Rules of the Supreme Court of Florida relating to admissions to the Bar, effective November 1, 1955. As terms expire all appointments shall be for five years, but any vacancy occurring during any term shall be filled by appointment for the unexpired term thereof. Such members shall be members of The Florida Bar and shall possess the qualifications prescribed by the Code of Standards of Bar Examiners.
Section 3. The Board of Governors of The Florida Bar shall submit to the Court not less than thirty days prior to the expiration of any term, and in case of a vacancy, within thirty days thereafter, its recommendations with respect to appointees. Such group of recommended appointees -shall be thrice the number to be appointed. The following provisions will be pertinent in connection with the nominations to membership on the Board:
a. Qualifications. A bar examiner should be a practicing attorney with ■scholarly attainments and an affirmative interest in legal education and requirements for admission to the bar.
b. Tenure. A bar examiner should be appointed for a fixed term, but should be eligible for reappointment if his work is of high quality. Members of bar examining authorities should be appointed for staggered terms to insure continuity of policy, but there should be sufficient rotation in the personnel of each authority to bring new views to the authority and to insure continuing interest in its work.
c. Compensation. The compensation, if any, which a bar examiner receives should not be directly dependent upon the number of persons taking the bar examination.
d. Devotion to Duty. A bar examiner should be willing and able to devote whatever time is necessary to perform the duties imposed upon him.
e. Essential Conduct. A bar examiner should be conscientious, studious, thorough and diligent in learning the methods, problems and progress of legal education, in preparing bar examinations, and in seeking to improve the examination, its administration and requirements for admission to the bar. He should be just and impartial in recommending the admission of applicants. He should exhibit courage, judgment and moral stamina in refusing to recommend applicants who lack adequate general and professional preparation or who lack good moral character.
f. Adverse Influences, Conflicting Duties and Inconsistent Obligations. A bar examiner should not have adverse interests, conflicting duties nor inconsistent obligations which will in any way interfere or appear to interfere with the proper administration of his functions. A bar examiner should not participate directly or indirectly in courses for the preparation of applicants for bar admission nor act as a trustee of a law school or of a university of which a law school is a part or with which a law school is affiliated. A bar examiner should so conduct himself that there may be no suspicion that his judgment may be swayed by improper considerations.
Section 4. Each year during the month of October, the Board shall designate a chairman and a vice-chairman who shall hold office for a period of one year beginning November 1st following the date of such designation. Such designation shall be determined by majority vote. In the event of an irreconcilable tie vote, such fact shall be certified to the Supreme Court and it shall designate the chairman *374 or vice-chairman as the case may be for the ensuing year.
Section 5. The members shall serve without compensation but shall be reimbursed for reasonable travelling and subsistence expenses incurred in the performance of their services for the Board.
Section 6. The offices of the Board shall be maintained in the Supreme Court Building in Tallahassee, Florida.
Section 7. Meetings of the Board may be held at such places and times in the State of Florida as may be fixed from time to time by the Board.
Section 8. The Board shall make such disbursements as are required to pay the necessary expenses of the Board. Annually it shall prepare a budget and submit the same to the Supreme Court for its approval. It shall cause proper books of account to be kept and shall have an annual audit made by the State Auditing Department or a Certified Public Accountant. Such annual audit shall be filed with the Clerk of the Supreme Court of Florida.
ARTICLE II
GENERAL POWERS OF THE BOARD
Section 9. The Board shall employ an Executive Director and such other assistants and clerks as it may deem necessary. It shall provide for the compensation of such employees and shall pay all other expenses. The Executive Director shall furnish bond as may be directed by the Board.
Section 10. (a) The Board shall supervise the preparation, grading and conducting of written examinations, and members thereof shall be willing and available to-discuss general problems of purposes, policies and procedures, of the examination with applicants; and. such written examinations shall'be held in such place and at such times in the State as the Board may from time to time direct, and the Board shall recommend qualified candidates to the Court for admission, (b) The Board may utilize the services of expert draftsmen to prepare bar examination questions, either by arranging for the drafting services of qualified persons, including out-of-state law teachers, or by using the services of the National Conference of Bar Examiners or other national agency. Before a question is accepted for use in a bar examination, whether drafted by the examiners or by expert draftsmen, every point of law in the question is to be thoroughly briefed and the question is to be analyzed and approved by the members of the Board, (c) Each examination shall consist of twenty questions. Only the following subjects, including their equitable aspects, shall be used in examinations promulgated by the Board of Bar Examiners:
Contracts Constitutional Law Federal State Wills and Administration of Estates Trusts
Criminal Law and Procedure Corporations Real Property Evidence Torts Florida Rules of Civil Procedure.
All examination papers of applicants for the Bar shall be examined by the Board and the graders. Each answer shall be graded and credited with reference to a perfect standard of 100%. Upon the conclusion of said examination and the compilation of the grades received by all applicants, designated by number and not by name, the Board shall add the ten highest grades received, divide the total thereof by ten and shall certify to the Supreme Court the names of the applicants who receive a grade within twenty points of such result. All such applicants shall be entitled to be admitted as having attained a passing grade, (d) The Board may utilize the services of trained expert graders. Such graders will be selected solely upon the qualification of such individuals and without regard to the law colleges from which they graduated.
*375 Section 11. The Board shall make public the topics upon which applicants will be examined and also makes such suggestions for the information and guidance of students as will tend to promote their studies.
Section 12. The Board shall conduct an investigation and otherwise inquire into and determine the character, fitness and general qualifications of every candidate for admission. In every such investigation and inquiry the Board may obtain such information as bears upon the character, fitness and general qualifications of the candidate and take and hear testimony, administer oaths and affirmations, and compel, by subpoena, the attendance of witnesses and the production of books, papers and documents. Any member of the Board may administer such oaths and affirmations. Such investigations and inquiries shall be informal, but they shall be thorough, with the object of ascertaining the truth. Technical rules of evidence need not be observed. Any hearing for such purpose may be held by a committee selected by the Chairman of the Board and consisting of not less than two members of the Board of whom one shall be designated as chairman who shall have the power to issue subpoenas. Such committee shall report its findings together with the record of its proceedings to the Board for its consideration and determination.
Section 13. Whenever any person subpoenaed to appear and give testimony or to produce books, papers or documents, refuses to appear or testify before the Board, or any committee thereof, or to answer any questions, or to produce such books, papers or documents, he shall be in contempt of the Court. The Board shall report the fact that a person under subpoena is in contempt of the Court for such proceedings against such person as the Court may deem advisable.
Section 14. The Board may resolve that committees on character, fitness and general qualifications should be appointed in some or all of the counties or judicial circuits in the State of Florida. Should it so resolve, the Board of Governors of The Florida Bar shall submit to the Board from time to time and as requested by the Board a group of recommended appointees. The group shall consist of thrice the number to be appointed. The Board shall, subject to the approval of the Court, select the appointees from this group. Such committees shall be known as “Character and Fitness Committees” and shall be advisory to the Board and in the performance of their advisory duties, they shall have such powers as the Court shall fix.
Section 15. Subject to the approval of the Court, the Board may provide for registration and inquiry into the character and fitness of students at the time they begin law study or while they are pursuing their law studies.
Section 16. Subject to the approval of the Court, the Board may adopt rules and regulations not inconsistent with these rules.
Section 17. A permanent committee to coordinate the work of the Bench, Bar, law schools and bar examiners and make recommendations to this Court concerning the same from time to time is hereby created and established. Such committee shall consist of two members of the Supreme Court to be designated by said Court,, two members of the Board of Bar Examiners to be designated by such Board, two members of The Florida Bar to be designated by the Board of Governors of The Florida Bar and the Deans of the Law Colleges of the University of Florida, Florida A. & M. University, the University of Miami and John B. Stetson University.
ARTICLE III
APPLICANTS
Section 18. Subject to the approval of the Court, the Board may classify applicants and law students and fix the charges, fees and expenses which shall be borne by them.
*376 Section 19. Each applicant must be a citizen of the United States and over the age of twenty-one years.
a. If any applicant for admission passes the examination but dies before he takes the oath of admission and receives his certificate, his widow, if living, and if not living, his next of kin shall receive an appropriate certificate of this Court certifying that said applicant had successfully passed the examination and otherwise met the requirements for admission and, had it not been for his death,, would have been duly admitted as a member of The Florida Bar; in addition thereto, the legal representative or the next of kin of such person or persons shall be entitled to receive a refund of the amount of money paid to the Board under the schedule of fees fixed by the regulations of the said Board for taking said examination.
ARTICLE IV
EDUCATIONAL, CHARACTER AND FITNESS REQUIREMENTS
Section 20. No person shall be admitted to the bar examination unless he first produces satisfactory evidence to the Board that he is of good moral character, that he has an adequate knowledge of the standards and ideals of the profession and is otherwise a fit person to take the oath and perform the obligations and responsibilities of an attorney; provided, however, for good cause shown and upon the showing of dire and unusual circumstances, the Board in its discretion may conditionally admit to the bar examination any person prior to such showing, in which event such person’s grade shall be impounded and be of no force or effect until he has first produced satisfactory evidence to the Board that he is of good moral character, that he has an adequate knowledge of the standards and ideals of the profession and is otherwise a fit person to take the oath and perform the obligations and responsibilities of an attorney.
Section 21. If the candidate shall be dissatisfied with the Board’s recommendation concerning his character and fitness, upon the candidate’s filing an appropriate petition with the Clerk of the Supreme Court of Florida, within a period of sixty days after receipt of notice of denial,, the Executive Director shall place the file and other available information with the Supreme Court, and such Justice or Justices thereof as shall be designated by the Chief Justice shall interview and hear such candidate and make such inquiry of the Board and others as shall be necessary to a decision as to whether such candidate meets the character and fitness requirements. The Justice or Justices so designated shall make a recommendation to the Court and the final action of the Court shall be duly entered in the minutes thereof.
Section 22. Every applicant is also required :
(a) To furnish the Board satisfactory evidence that the applicant has completed at least three years’ in-residence college work, or its equivalent, such college work to consist of a minimum of three-quarters of work acceptable for an academic Bachelor’s Degree granted on a basis of a four-year period of study in a college or university on the approved list of any one of the following regional accrediting associations or any Florida college or university approved by the Florida Supreme Court, approval to be withdrawn if accreditation is not met within a period approved by the accrediting agency:
1. New England Association of Colleges and Secondary Schools;
2. Middle States Association of Colleges and Secondary Schools;
3. North Central Association of Colleges and Secondary Schools;
*377 4. Southern Association of Colleges and Secondary Schools;
5. Northwest Association of Secondary and Higher Schools;
6. Western College Association;
at a time when, or in the same calendar year in which such school was so accredited.
This section shall be applicable only to those applying for admission to the Bar who enrolled in any accredited Law College subsequent to December 31, 1960. All other applicants shall be governed by previous Section 22(a) of Article IV of the rules aforesaid. (At least two years’ in-residence college work, or its equivalent.)
(b) To furnish the Board satisfactory evidence of graduation from a full-time accredited law school at a time when, or in the same calendar year in which such school was so accredited, and that such accredited law school has conferred upon the applicant the degree of Bachelor of Laws or Doctor of Jurisprudence. The term, “accredited law school,” has reference to any law school approved or provisionally approved by the American Bar Association or which is a member of the Association of American Law Schools. None of the following shall be substituted for law school training:
1. Private study, correspondence school or law office training;
2. Age or experience;
3. Waived or lowered standards of legal training for particular persons or groups.
(c) Attorneys who were in good standing in the District of Columbia and in the States of the United States of America may, notwithstanding the provisions of Sections 22(a) and 22(b) hereof, be permitted to take the bar examination to be admitted to the practice of law in Florida (1) upon furnishing similar requirements as to fitness, except as required by Sections 22 (a) and 22(b), as are required of other candidates to take the examination; (2) upon producing such evidence as the Board may require, that such applicant was in the practice of law in the District of Columbia or in other States of the United States of America for at least ten years, that he was in good standing at the bar of the state from which he came; and (3) upon furnishing to the Board an abstract showing the scope and character of the applicant’s previous experience and practice at the bar, his academic and legal training and his cultural background. If a thorough consideration of this abstract shows that the applicant is a lawyer of high character and ability, that his professional conduct has been above reproach, and that his academic and legal scholarship conform to approved standards and sum up to the equivalent of that required of other candidates for admission to the examination, the Board may, in its discretion, admit him to the examination. In evaluating academic and legal scholarship the Board is clothed with a broad discretion.
ARTICLE V
CERTIFICATION TO THE SUPREME COURT AND ADMISSION TO THE FLORIDA BAR
Section 23. Every candidate who has complied with the requirements of the applicable rules for admission to practice the profession of law shall be recommended by the Florida Board of Bar Examiners to the Supreme Court of Florida for admission to The Florida Bar. If the Court is satisfied as to the qualifications of the candidate so recommended, an Order of admission shall be made and entered in the minutes of the Court, and it shall designate a time *378 when all candidates will take the oath which shall be administered by the Chief Justice of the Court or a Justice thereof before the Court in formal session. Any candidate who is unable to attend such formal session and there take his oath, upon obtaining permission from the Supreme Court, may take the same before any Circuit Judge of this State or, if the same be taken beyond the limits of the State of Florida, before an appropriate officer to be designated by special order of the Chief Justice of this Court. No certificate of admission to practice shall be issued until the oath of such candidate has been filed in the office of the Clerk of the Supreme Court. The Clerk shall maintain a permanent register of all persons so admitted.
REVISED 1963 RULES AND REGULATIONS of the FLORIDA BOARD OF BAR EXAMINERS
Effective September 1, 1963 RULE I
APPLICATIONS
Section 1. Application for admission to an examination must be made upon the form supplied by the Board.
Section 2. Applicants who have not been admitted to the Bar in any other jurisdiction for a period in excess of 12 months preceding the filing of the application in Florida, time spent in military service of the United States not to be reckoned as part of said 12 months, shall accompany the application with the fee prescribed in Section 50. The applications of applicants applying under this Section must he on file with the Executive Director at least 150 days before the examination.
Section 3. All applicants except those described in Section 2 shall accompany the application with the fee prescribed in Section 51. The applications of applicants applying under this Section must be on file with the Executive Director at least 180' days before the examination.
RULE II
APPLICANTS
Section 10. Except as provided in Section 11, an application for admission to the examination must be accompanied by the following which shall be deemed a part of it:
(1) If the applicant is not a natural born citizen of the United States, evidence of naturalization satisfactory to. the Board.
(2) Evidence satisfactory to the Board' prior to the applicant’s admission to the examination that the applicant is a graduate of an accredited law school. After July 1, 1966, the applicant shall also furnish evidence satisfactory to the Board that he has successfully completed a regular classroom course in. Legal Ethics.
(3) If the applicant has been admitted’ to practice in one or more other jurisdictions, evidence satisfactory to the Board that the applicant is in good standing in such jurisdictions.
(4) A complete set of fingerprints taken and certified by an authorized law-enforcement officer.
(5) A photograph 2i/£" x 2i/£" made within six months prior to the filing of the application.
(6) Such supporting documents as maybe required in the forms supplied by the Board.
(7) An authorization and release on a. form supplied by the Board requesting and directing the inspection and furnishing to the Board, or any of its. authorized representatives, of all relevant documents, records or other information pertaining to the applicant and releasing any person, firm, officer, *379 corporation, association, organization, or institution from any and all liability in respect to such inspection or the furnishing of any such information.
(8) Such other information as the Board may from time to time reasonably require.
Section 11. If the applicant has filed an application for registration as required by Section 30, the provisions of Section 10 shall be inapplicable but in such case the applicant shall file a supplement to the application for registration upon forms supplied by the Board, and upon the filing of such ■supplement the application for registration .and all documents, records, information and •every other portion of the file shall be deemed converted into and shall thereupon be an application for admission to the examination, and the applicant shall at that time remit the fee applicable to the applicant as prescribed in Rules I and V. Also, the Board may require the applicant to furnish such additional or supplemental information as the Board deems reasonably necessary in the consideration of the application for admission to the examination.
RULE III
EXAMINATIONS
Section 20. (a) The number of bar examinations shall not exceed two per year. The bar examinations shall be held at such times as will insure sufficient opportunity to the applicants for preparation after graduation, and in order not to interfere with the applicants’ classroom work in law school. The written examination shall cover not more than five four-hour sessions, or their equivalent, (b) The bar examination shall test the applicant’s ability to reason logically, to analyze accurately the problem presented to him, and to demonstrate a thorough knowledge of the fundamental principles of law and their application. The examination shall not be designed primarily for the purpose of testing information, memory or experience, (c) The major portion of the bar examination shall consist of questions in the form of hypothetical fact problems requiring essay answers. Questions shall not be designed to require answers based upon local case or statutory law. However, subjects of substantial local importance may be included. Questions shall not be labeled as to subject matter.
Section 21. (a) The identity of the writer of the examination papers is not revealed until the grades of all applicants have been finally determined, (b) In order to assure maximum uniformity in all grading, all the answers to a particular bar examination question will be graded by the same grader, (c) If an applicant shall fail five times to pass the examination, he shall not be re-examined except by special permission of the Board for good cause shown. At least one examination must elapse between re-examinations number 3 and 4, number 4 and 5. A petition on a form supplied by the Board for such special permission shall be filed at least ISO days prior to the date of the examination desired to be taken.
Section 22. Every applicant who is qualified to and who desires to repeat the bar examination or who has been admitted to an examination and has, of his own volition, postponed his submission to the examination, shall file a supplemental application on a form prescribed by the Board and such supplemental application shall be accompanied by the appropriate fee and shall be filed in the Board’s office a minimum of sixty days prior to the examination which such applicant desires to take. Where such applicant desires to take a subsequent examination and such examination is given on a date in excess of one year from the date upon which his original application was filed, he shall file his supplemental application, in this event, a minimum of one hundred and fifty (ISO) days prior to the examination which he seeks to take. In the latter instance, the fee which shall accompany such supplemental application shall be the sum of $50.00 as prescribed under Section 49 of Rule V, instead of the fee *380 prescribed in Section 56 or 57 of Rule V (in order to enable the Board to originate and instigate a new investigation of such applicant). Where any applicant who is repeating the examination or who is submitting an application as a result of his own postponement gains admission to the same upon an application supplemental to an original application, and thereafter, within a period of one year’s time, it is revealed that such supplemental application was falsified in any respect, the Board after investigation and hearing shall make its findings and recommendations as to revocation of any license issued to such applicant and shall file its findings with the Supreme Court of Florida for final determination hy the Court.
Section 23. Before admission to the examination, each applicant shall satisfy the Board that the applicant has an adequate knowledge of the Canons of Professional Ethics, the Canons of Judicial Ethics and the standards and ideals of the profession, and is otherwise a fit person to take the oath and perform the obligations and responsibilities of an attorney.
RULE IV
REGISTRATION OF LAW STUDENTS
Section 30. Except as provided in Section 32, every person intending to apply for admission to The Florida Bar shall within one hundred and fifty (150) days following the commencement of the study of law in an accredited law school, register with the Board by filing an application upon the forms supplied by the Board, including the documents and papers specified in Section 10, and such other papers as may from time to time be reasonably required by the Board.
Section 31. If any person shall fail to so register but shall do so before filing the application required by Section 1, and the Board, after a complete investigation, finds that an undue hardship would result unless the requirements of Section 30 are waived in respect to such registrant, the Board may waive the requirement with respect to the date of filing and permit a late filing and in such event it shall fix the date on which the registrant may be admitted to the examination. Every registration filed late under the provisions of this Section must be accompanied by the fee prescribed under Section 53, and an informal petition accurately describing the reasons why the registrant has not complied with the provisions of Section 30 or 32, whichever is. applicable, and requesting leave to file a late registration. Such registrant is not required to comply with the provisions of Rule V, Section 58.
Section 32. The requirements of Section 30 in respect to the time of filing the application shall not be applicable to any person who had commenced the study of law in an accredited law school at the time of the original adoption of this rule, November 1, 1955. As to all such persons the requirements of Section 30 must have been complied with not later than May 1, 1956.
Section 33. As to any such application for registration, the Board may at any time find it advisable to make further inquiry into the character, fitness and general qualifications of the registrant. In such case the registrant shall pay the fee prescribed in Section 54 and the Board shall conduct an investigation and otherwise inquire into-the character, fitness and general qualifications of such registrant and in every such investigation and inquiry the Board shall have all of the powers given it in respect to inquiry and investigation of candidates for admission to the Bar.
Section 34. If, after such investigation and inquiry, the Board shall find that the registrant is unfit, or the Board is in doubt about the registrant’s fitness, such determination shall be certified to the Chief Justice and the Executive Director shall transmit the file and other available information to the Chief Justice for such action in the particular case as the Court deems appropriate.
*381 Section 35. The application for registration shall not be deemed an application for admission to the examination unless and until the registrant shall file a supplement to the application as provided in Section 11.
Section 36. The Board shall conduct an investigation and otherwise inquire into and determine the character and fitness and general qualifications of every candidate for admission and this requirement shall he complied with although the Board may have previously conducted such an inquiry and investigation subsequent to the filing of an application for registration. The absence of such investigation and inquiry by the Board subsequent to the filing of the application for registration shall not be deemed an approval of the character, fitness or qualifications of any such applicant.
RULE V
SCHEDULE OF FEES
The following fees, none of which will be refunded, shall be paid by the applicant:
Section 49. Applicants seeking admission to the bar examination on a date in excess of one year from the filing of their original application, such delay being the result of failure on the examination or voluntary postponement, upon the filing of a supplemental application as required by Section 22 of Rule III, shall accompany such supplemental application with a fee of . $ 50.00
Section 50. The application of applicants described in Section 2 shall be accompanied by a fee of. $100.00
Section 51. The application of applicants described in Section 3 shall be accompanied by a fee of. $250.00
Section 52. The application of applicants for registration as required by Section 30 shall be accompanied by a fee of . $ 25.00
Section 53. The application filed late as provided in Section 31 shall be accompanied by a fee of. $ 75.00
Section 54. For the investigation and' inquiry provided in Section 33, the applicant shall pay a fee of. $ 50.00’
Section 55. A petition for reconsideration shall be accompanied by a fee of . $ 50.00'
Section 56. For each examination after the first, except as provided in Section 49 hereof, which must be paid at least sixty (60) days prior to the date of the examination to be taken, a fee of 1. $ 35.00
Section 57. For each postponement of examination, except as provided in Section 49 hereof, which must be paid at least sixty (60) days prior to the date of the examination to be taken, a fee of. $ 10.00'
Section 58. Petitions or requests relating to or involving a suspension or waiver of any rule, regulation or order shall be accompanied by a fee of. $ 15.00'
Section 59. The cost of a transcript or any record or document reasonably required by the Board in the conduct of an investigation or inquiry into the fitness of an applicant for admission to the examination or an applicant for registration shall be paid' by such applicant.
Section 60. Upon a showing of need therefor by the Board, the Court may order any applicant for admission to the examination or any applicant for registration to pay over to the Board additional sums necessary in the conduct of any inquiry and investigation into the character, fitness and' general qualifications of such applicant.
Section 61. Requests for a copy of any document or portion thereof filed by an applicant in the course of his seeking admission to The Florida Bar shall be accompanied by a fee of $.40 per page except where photostats are required when the fee shall be $.50 per page.
Section 62. Requests for copies of the Rules filed by persons other than students, matriculating at the Law Schools within the State of Florida, the Deans and Librarians of such Florida Law Schools, and *382 any other persons to be designated by the Board, shall be accompanied by a fee of $2.00. Requests for copies of the application forms filed by persons other than students matriculating at the Law Schools within the State of Florida, the Deans and Librarians of such Florida Law Schools, and any other persons to be designated by the Board, shall be accompanied by a fee ■of $3.00. Any person having remitted either or both of these fees shall have a like amount deducted from any application fee which is subsequently remitted.
Section 63. The Board shall honor requests received in writing for copies of the questions which appeared on previously-administered Florida Bar Examinations. Such requests shall be limited to the last two examinations administered preceding receipt of the request. Each such request shall be accompanied by a fee of.$ 5.00
RULE VI
RECONSIDERATIONS
Section 70. If any candidate shall be dissatisfied with the Board’s recommendation about his character, fitness or general qualifications, such candidate may, within sixty (60) days after notice of the Board’s recommendation, file with the Board a petition for reconsideration. The petition must contain new and additional matter which the Board has not previously considered. Only one such petition for reconsideration may be filed.